**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Terry Crandall MINCEY, Defendant—
Appellant.**

**No. 05–17446.**

United States Court of Appeals,
Ninth Circuit.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted May 5, 2009.*

Filed May 7, 2009.

Courtney J. Linn, Esq., USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

David J. Cohen, Esq., Cohen & Paik, San Francisco, CA, for Defendant–Appellant.

Before: HAWKINS and TALLMAN,

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Circuit Judges, and SINGLETON,** District Judge.

## MEMORANDUM ***

Petitioner Terry C. Mincey ("Mincey") appeals the denial of his 28 U.S.C. § 2255 petition for post-conviction relief, arguing that the district court violated his Sixth Amendment rights when it twice denied his post-verdict motion for substitute counsel. Personal disputes with his appointed counsel at the underlying trial led Mincey to dismiss counsel following an adverse jury verdict, and to represent himself during the subsequent civil forfeiture and sentencing proceedings. Reciting the facts only as necessary, we affirm.

### Legal Conflict of Interest

A defendant is constructively denied his constitutional right to counsel if his "attorney is representing conflicting interests." *Plumlee v. Masto*, 512 F.3d 1204, 1210 (9th Cir.2008) (en banc). Attorney Hodgkins's representation of Mincey never implicated an actual, legal conflict of interest.

■■■ Assuming arguendo that Hodgkins had opposed the motion for substitute counsel (the record indicates he did not), his "siding with the district court" did not create a conflict because the court is a neutral decisionmaker, not an interested party adverse to any of the litigants. *See Stenson v. Lambert*, 504 F.3d 873, 886 (9th Cir.2007) (explaining that a " 'conflict of interest' is a term of art in the law" that "denotes representation of multiple conflicting interests, such as an attorney's representation of more than one defendant in the same criminal case"). Neither was there an actual, legal conflict of interest because Hodgkins "sp[oke] out against

[Mincey]" in an apparent effort to "extricate himself from this difficult attorney-client relationship." Hodgkins's concern that Mincey may have lied and been conniving simply does not create an actual, legal conflict of interest. *See Plumlee*, 512 F.3d at 1210 (distinguishing "legal conflicts of interest" from the "the word 'conflict' [as it is] used in common parlance to describe a personality conflict, an artistic conflict, a family conflict, and many other sorts of antagonism—even war").

■■■ Mincey's assertion that Hodgkins "resisted" Mincey's wish to file a post-conviction motion for a new trial based on an ineffective assistance of counsel claim also does not support finding a conflict of interest. We have already recognized that a defendant's desire to raise an ineffective assistance claim is "not inconsistent" with his present attorney's "goal of rendering effective assistance." *United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir.1998). In fact, the possibility of a future malpractice claim or later embarrassment through collateral relief for ineffective assistance would logically motivate Hodgkins to correct through post trial motions any ineffective assistance he might have previously rendered.

### Breakdown of Communications

A criminal defendant is also constructively denied his constitutional right to counsel when there is an irreconcilable interpersonal conflict between attorney and defendant that is not the defendant's fault and is so pervasive that it leads to a complete lack of communication between the two. *See Moore*, 159 F.3d at 1159–60 (Sixth Amendment violation because "ir-

---

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

712

reconcilable [interpersonal] conflict" was so great that appointed counsel and defendant did not "have any communication at all").

 Here, the district court twice concluded that there was not a complete breakdown of communication between Mincey and Hodgkins. That finding of fact was not clearly erroneous. Indeed, the great weight of the evidence indicates that there was ample communication between the two, notwithstanding Mincey's general dissatisfaction with Hodgkins. What is more, any difficulty the two had communicating appears to have been solely the product of Mincey's own interference. *See United States v. Roston*, 986 F.2d 1287, 1292 (9th Cir.1993) (no Sixth Amendment violation where the "breakdown in communication between [defendant] and his current counsel was entirely [defendant's] fault").

**AFFIRMED.**

